Per Curiam.

Two questions are presented by petitioner: (1) Does the parole and record clerk have power to regulate the term of a sentence, and (2) where a convict is declared a parole violator, is the time from such declaration to the date of Ms return counted as a part of Ms sentence.
Obviously, the parole and record clerk has no regulatory power over sentences and, in the instant case, was not attempting to exercise such power. The length of time a convict must serve for the commission of a crime is prescribed by statute.
A parole violator is not entitled to credit for the period of his declared violation. Since 1959, that period ceases when he becomes available for return to custody. Section 2965.21, Revised Code. Prior to 1959, the statute merely provided that that period ceases when he is declared a parole violator. Petitioner has not served the maximum sentence imposed and, therefore, is not entitled to Ms release by habeas corpus.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taut, Matthias, Bell and Herbert, JJ., concur.
O’Neill, J., not participating.